J. W. PENDY, Administrator, Appellant, v. ROBERT COLE, Appellee.

No. 40531.

NOVEMBER 18, 1930.

*Parsons & Mills*, for appellant.

*Lehmann, Hurlburt & Hossfeld*, for appellee.

EVANS, J.—The defendant entered his special appearance in writing, and stated therein the grounds of his challenge. These grounds were, in substance: (1) That no original notice  was ever served upon the defendant; (2) that certain papers actually served upon the defendant did not constitute an original notice, within the meaning of the statute; (3) that there were delivered to or served upon the defendant by some person two certain papers successively, said papers being marked, respectively, as Exhibits A and B, and being set forth literally in the special appearance, as follows:

"Exhibit A.

"You are hereby notified that on or before the 20th day of June, 1929, the petition of the plaintiff in the above-entitled cause will be on file in the office of the clerk of the district court of the state of Iowa, in and for Polk County, Iowa, claiming of you the sum of fifty thousand dollars ($50,000.00) for the wrongful death of Robert S. Carlisle by the negligent driving of a car.

"For further particulars see petition, and unless you appear thereto and defend before noon of the second day of the next term, being the July term of said court, which will commence at Des Moines, Polk County, Iowa, on the 1st day of June, 1929, default will be entered against you and judgment and decree rendered thereon.

"Dated this 20th day of June, 1929."

"Exhibit B.

"You are hereby notified that on or before the 1st day of June, 1929, the petition of the plaintiff in the above-entitled cause will be on file in the office of the clerk of the district court of the state of Iowa, in and for Polk County, Iowa, claiming of you the sum of fifty thousand dollars for the wrongful death of Samuel S. Carlisle by the negligent driving of a car.

"For further particulars see petition, and unless you appear thereto and defend before noon of the second day of the

next term being the July term of said court, which will commence at Des Moines, Polk County, Iowa, on the 1st day of June, 1929, default will be entered against you and judgment and decree rendered thereon.

"Dated this 23rd day of May, 1929."

Exhibit A mistakenly stated that the July term, to which the defendant was summoned, would begin on the first day of June, 1929. It also purported to be dated on the 20th day of June, 1929. It also mistakenly stated the name of the injured party as "Robert S. Carlisle." Exhibit B also mistakenly stated that the July term would begin on the first day of June.

Referring to this part of the record, the appellant states in his brief:

"That the defendant was served with the notice set out in the petition on page 5, line 33, to page 6, line 13, notifying that the petition would be on file on or before the 20th of June, 1929, and reciting that, unless the defendant appeared before noon of the second day of the next term, being the *September* term of said court, which will commence on the 2nd day of the *September* term, default would be entered against you," etc.

This statement in the brief tends to complicate, rather than explain, the record, and leaves us quite unable to determine whether the correct designation of the term of court should have been June, July, or September. We are disposed to assume that the statement in the brief is an error, and that the term to which the plaintiff sought the appearance of the defendant was the July term. The district court held that no service of notice had been accomplished, and the correctness of this holding is the question presented. It is urged by the appellant that it was not requisite, under the statute, Section 11055, Code, 1927, that the date of beginning of the term be given in the notice. This contention is to be conceded. But the alleged notice in this case purported to fix the date of the term as of a certain mistaken date. The incorporation of such mistaken date was necessarily misleading. In such a case we have held repeatedly that the mistake is fatal to the validity of the notice. *Fernekes & Bros. v. Case*, 75 Iowa 152. The opinion in

the cited case cites our previous decisions on the same subject, and we need not repeat them here.

It is to be noted further that the challenge to the jurisdiction by special appearance was a direct attack upon the jurisdiction, and not a collateral one. The burden rested upon the  plaintiff to sustain the jurisdiction by showing an adequate original notice and the service thereof. The plaintiff, however, offered no evidence of any kind. The original notice, if any, was not on file, nor was it produced at the hearing. No document in support of the jurisdiction was presented to the consideration of the court except the purported copies Exhibits A and B, which were presented by the defendant as the only papers sought to be served upon him. These exhibits purport to be literal and complete copies, and are so set forth in the abstract. They are not signed by the plaintiff or by an attorney in his behalf. Nor are they addressed to the defendant. Nor do they contain any caption. There is nothing in the body of the notices which discloses who the plaintiff is, or who the defendant is.

We realize that the absence of these requisites may be the result of inadvertence in setting forth the exhibits in the record. But we are required to take the record as the appellant presents it. Sufficient to say that, upon the record as presented by appellant's abstract, the plaintiff wholly fails to sustain the jurisdiction of the court in the matter.

It is urged by the appellant that the defendant, at the hearing, exceeded his privileges under a special appearance, and asked for affirmative relief, whereby he should be deemed to have made a general appearance. We find no support for this contention in the record presented. The abstract purports to set forth only the filings in the case. It does not purport to set forth any record pertaining to the hearing before the district court. It is urged that the defendant presented a brief. This would presumably be an aid to the court in the consideration of the questions presented. We think the presentation of a proper brief was within the rights of the defendant.

We find in the record no proper ground upon which a reversal could be predicated.

The judgment below is, accordingly,—*Affirmed.*

Morling, C. J., and Faville, Kindig, and Grimm, JJ., concur.