G. C. JERMAINE, Appellee, v. F. H. GRAF et al., Appellants.

ANNE SHERIDAN, Plaintiff, Appellee, v. F. H. GRAF, Defendant, Appellee, A. C. NIELSON COMPANY, Defendant, Appellant.

Nos. 44428, 44429.

JANUARY 17, 1939.

Stipp, Perry, Bannister & Starzinger, and William B. Perry, for appellant.

Colavecchio & Bellizzi, for appellees.

RICHARDS, J.—By stipulation the two entitled cases have been consolidated for submission. We will first consider case No. 44428, entitled Rev. G. C. Jermaine, plaintiff-appellee v. F. H. Graf, defendant-appellee, and A. C. Nielson Company, defendant-appellant.

The petition of plaintiff Jermaine sounded in damages. F. H. Graf, and A. C. Nielson Company, were designated as defendants. The substance of the complaint was that defendant Graf, on April 10, 1937, while using and operating a Pontiac automobile in a negligent manner on a public street in Des Moines, drove the Pontiac into collision with plaintiff's automobile that plaintiff was then and there driving; that the impact of the collision overturned and smashed plaintiff's automobile, and physically injured plaintiff, to his damage in the sum of $2,500; that plaintiff was in no manner contributorily negligent; that at the time and place of said accident defendant Graf was driving and operating the Pontiac automobile with the knowledge and consent of defendant A. C. Nielson Company, and in the course of said Graf's employment with said A. C. Nielson Company; that defendant Graf is a resident of Illinois; that defendant A. C. Nielson Company is a foreign corporation doing business in the state of Iowa, and said Graf was transacting the business of said corporation as said company's agent or servant; that with the negligence of Graf both defendants are charged and held responsible. Judgment was demanded against the two defendants for $2,500.

For the purpose of serving the original notice of the action upon these non-resident defendants, plaintiff invoked the procedure found in sections 513 to 526, inclusive, of the Motor Vehicle Law, chapter 134 of the Acts of the 47th General Assembly. Whether thereby the Polk district court acquired jurisdiction of appellant A. C. Nielson Company is the question before us. The question was presented to the district court by appellant's special appearance challenging the court's jurisdiction. The special appearance was overruled and defendant has appealed.

Two of the sections we have mentioned are in these words:

"Sec. 513. Legal effect of use and operation. The use and operation of a motor vehicle in this state on the public highways thereof by a person who is a nonresident of this state shall be deemed:

"1. An agreement by him that he shall be subject to the jurisdiction of the district court of this state over all civil actions and proceedings against him for damages to person or property growing or arising out of such use and operation, and

"2. An appointment by such nonresident of the commissioner of the motor vehicle department of this state as his lawful attorney upon whom may be served all original notices of suit pertaining to such actions and proceedings, and

"3. An agreement by such nonresident that any original notice of suit so served shall be of the same legal force and validity as if personally served on him in this state."

"Sec. 514. 'Person' defined. The term 'person', as used in section five hundred thirteen (513) shall mean:

"1. The owner of the vehicle whether it is being used and operated personally by said owner, or by his agent.

"2. An agent using and operating the vehicle for his principal.

"3. Any person who is in charge of the vehicle and of the use and operation thereof with the express or implied consent of the owner."

Sections 516 and 517 provide that in actions contemplated by sections 513 and 514 the plaintiff shall cause the original notice to be served by filing a copy with the commissioner of the motor vehicle department, and by mailing within a certain time to each defendant, by restricted registered mail, a notification of the. filing with the commissioner. Appellant raises no question whether the procedural acts required by sections 516 and 517 were performed, nor whether a corporation is a person within the meaning of these sections.

In appellant's special appearance he prayed that it be sustained, and that the return of service be quashed as to appellant, the particular ground of the special appearance on which appellant here relies being the following:

"(5) That the defendant, A. C. Nielson Company, is not a person within the meaning of section 514 of the Iowa Motor Vehicle Act, whereby service can be had upon it or jurisdiction over it obtained by the manner and means employed by plaintiff, as shown by his proofs herein."

Section 520 of chapter 134 provides that proof of the doing the things required by sections 516 and 517 shall be made by affidavit of the party doing said acts, and that all affidavits of service shall be endorsed upon or attached to the original of the papers to which they relate, and that all proofs of service,

including the return registry receipt, shall be forthwith filed with the clerk of the district court.

Proofs were filed by plaintiff. But in the proofs appears no showing from which the court could have found that appellant was (1) the owner of the Pontiac automobile, or (2) an agent using and operating the vehicle for his principal; or (3) in charge of the vehicle and of the use and operation thereof with the express or implied consent of the owner. Nor upon submission of the special appearance did plaintiff in any manner supplement or remedy the lack of such showing exhibited by the proofs. Appellant further argues that the allegations of the petition must be looked upon as plaintiff's admissions that appellant was in fact not a person within clauses (2) or (3) above, and plaintiff further points out with reference to clause (1) above that not even in his petition does plaintiff make any claim that appellant was the owner of the Pontiac.

In several jurisdictions it has been held that statutes, of the nature of these we are discussing, are in derogation of the common law and must be construed strictly, and may not be extended by implication to non-residents not coming within their terms. Brown v. Cleveland Tractor Co., 265 Mich. 475, 251 N. W. 557; Morrow v. Asher, 55 F. 2d 365; Day v. Bush, 18 La. App. 682, 139 So. 42. In this state we have section 64, Code 1935, providing that the rule of the common law that statutes in derogation thereof are to be strictly construed, has no application to the Iowa Code. But this court has repeatedly held that statutes providing for substituted service of original notice present a method of procedure that is extraordinary in character, and allowed only because specially authorized. We have held that, such statutes being the only authority for the extraordinary procedure, to justify the procedure the facts recited in the statute must appear. Bradley Mfg. Co. v. Burrhus, 135 Iowa 324, 112 N. W. 765, Le Grand v. Fairall, 86 Iowa 211, 53 N. W. 115, Thornily v. Prentice, 121 Iowa 89, 96 N. W. 728, 100 Am. St. Rep. 317.

Appellant's special appearance contained the allegations above quoted, was verified under oath, and asserted that appellant was not a person within the meaning of section 514. No counter showing was made. No evidence or proof was offered of any facts showing that the non-resident appellant was one of the persons deemed to have agreed that a substituted

service might be made upon it of the original notice of this suit. The special appearance was a direct attack. The burden rested on plaintiff to sustain by adequate showing the questioned jurisdiction. This he failed to do. Pendy v. Cole, 211 Iowa 199, 233 N. W. 47. In the record that was before the trial court there was nothing from which it could have been assumed or found that appellant was one of the nonresident persons amenable to the provisions of section 513, within the definition of such persons as found in section 514. The special appearance should have been sustained and the proof of service as to appellant quashed. The order from which the appeal was taken is reversed.

In case No. 44429 entitled Anne Sheridan, plaintiff-appellee, v. F. H. Graf, defendant-appellee, and A. C. Nielson Company, defendant-appellant, the parties have stipulated in this court that the issues are the same as in the above decided Jermaine case No. 44428, and have stipulated that the decision in either case is applicable in the other. Accordingly the order overruling the special appearance in above entitled case No. 44429 is in like manner reversed. The two cases are reversed.—Reversed.

MITCHELL, C. J., and HALE, HAMILTON, SAGER, OLIVER, and BLISS, JJ., concur.