ARTHUR J. WELSH, Appellee, v. CARL H. K. RUOPP et al.,
Appellants.

No. 44977.

JANUARY 16, 1940.

REHEARING DENIED MAY 18, 1940.

Helmer & Minnich, for appellants.

Wilson & Harris, for appellee.

OLIVER, J.—In February 1939 plaintiff filed his petition in the district court of Greene county, claiming damages against defendants, Carl H. K. Ruopp and Gertrude Ruopp, on account of an automobile collision on a highway in said county in August 1937. Plaintiff sought to secure jurisdiction of the defendants by substituted service of original notice under the provisions of section 513 et seq., chapter 134, Laws of the Forty-seventh General Assembly, which is known as Iowa Motor Vehicle Act.

Some of the provisions of said act material hereto are the following:

"Sec. 513. Legal effect of use and operation. The use and operation of a motor vehicle in this state on the public highways thereof by a person who is a nonresident of this state shall be deemed:

"1. An agreement by him that he shall be subject to the jurisdiction of the district court of this state over all civil actions and proceedings against him for damages to person or property growing or arising out of such use and operation, and * * * "

This section also provides that service of original notice in

such actions may be made upon such nonresidents by service upon the commissioner of the motor vehicle department.

Section 516 provides such service shall be made by filing a copy of the original notice with the commissioner and mailing notification of such filing to each defendant by restricted registered mail.

Defendants appeared specially and made separate identical motions to quash said service. After a hearing thereon said special appearances were overruled and defendants have appealed.

I. Appellants contend the provisions of the Iowa Motor Vehicle Act, relative to substituted service upon nonresident defendants, are available only to resident plaintiffs and were not available to appellee because he was not a resident of Iowa.

It is sufficient answer to say the language of section 513 of the Act makes its provisions applicable to "all civil actions and proceedings against him" for damages arising out of such use and operation. There are no provisions or exceptions limiting or relating to the parties plaintiff in such actions and proceedings. These statutes neither declare nor intimate that their benefits are restricted to residents.

Nor do any of the procedural provisions of the Act warrant such interpretation. Appellant would draw such inference from section 522, which provides the action may be brought either in the county of plaintiff's residence, or where the injury or damage is sustained. Were it not for the provision permitting the venue of actions to be fixed in the county where the damage is sustained such inference might be proper. However, that provision is clearly for the benefit of any plaintiff irrespective of his place of residence. Certainly this furnishes no basis for the argument that these statutes are not available to nonresidents.

We hold nonresidents may avail themselves of this method of substituted service. In only a few states do statutes of this nature contain provisions expressly limiting their benefits to residents. With the validity and effect of such express limitations we are not now concerned. Most of the states which have

legislated upon the subject have not expressly excluded non-residents from the benefits of such legislation. Decisions from those jurisdictions with practical uniformity support the conclusion reached in this case. Fine v. Wencke, 117 Conn. 683, 169 A. 58; Beach v. D. W. Perdue Co., 5 Harr. 285, 35 Del. 285, 163 A. 265; Garon v. Poirier, 86 N. H. 174, 164 A. 765; State v. Circuit Court, 209 Wis. 246, 244 N. W. 766.

■ II. Section 520 of the Act provides that proof of filing a copy of the original notice with the commissioner and proof of mailing shall be made by affidavit of the party doing said acts. In the case at bar such affidavit was made by the attorney for appellee who performed said acts. Appellants contend the statute requires that the affidavit of filing be made by the commissioner or his deputy.

Section 516 recites:

"Plaintiff * * * shall cause * * * original notice of suit to be served * * * by filing a copy * * * with said commissioner".

Both sections 516 and 520 provide that the copy be filed "with" not "by" the commissioner. Obviously this contemplates the doing of the act and the making of the affidavit proving the same, by plaintiff or someone in his behalf and not by the commissioner or his deputy. Therefore, in this particular the affidavit of attorney for appellee complied with the statutory requirements.

■ III. It is urged by appellants that the original notice served upon the commissioner was defective in that it failed to set out the facts upon which were based the right to invoke the special method of service provided for in the Act. There is no merit in this contention. Section 515 of the Act specifically provides that the original notice, except the portion pertaining to the return day, "shall be in form and substance the same as now provided in suits against residents of this state." Original notices in suits against residents are governed by section 11055, Code 1935. The provisions of section 11055 do not require that the original notice set out any facts which might be

necessary to sustain jurisdiction. Nor does section 515 of the Act make such requirement. In this particular the form of the original notice in controversy complied with both of these statutes. Hence it was not vulnerable to the objection urged.

■ IV. As above noted it was not necessary that the original notice set out circumstances justifying the employment of the special method of service adopted. However, it is apparent that upon attack by special appearance and motion to quash, a showing was required of the facts essential to jurisdiction. Pendy v. Cole, 211 Iowa 199, 233 N. W. 47. One of such basic jurisdictional facts was the nonresidence of the defendants at the time the use and operation of the vehicle allegedly caused the damage upon which the suit was based. Nonresidence at the time of the accident was required. Jurisdiction over defendants who were residents of Iowa at the time of an automobile accident and who later became nonresidents could not be secured by this special method of substituted service. Nor may such nonresidence at the time of the accident be assumed. In Jermaine v. Graf, 225 Iowa 1063, 1066, 283 N. W. 428, 430, Justice Richards, speaking for the court, said:

"But this court has repeatedly held that statutes providing for substituted service of original notice present a method of procedure that is extraordinary in character, and allowed only because specially authorized. We have held that, such statutes being the only authority for the extraordinary procedure, to justify the procedure the facts recited in the statute must appear." Citing cases.

In the case at bar the only proof offered that appellants were nonresidents related not to the time of the accident in August 1937, but to the time the suit was started one and one-half years later. There was no proof furnished as to their place of residence in August 1937 or at about that time. Consequently, there was a lack of proof of facts which would have formed a proper basis for the invocation of this method of substituted service of original notice. In the absence of such showing said attempted service was defective. This finding necessitates a reversal of the ruling of the district court.

The conclusion we have reached upon the foregoing proposition renders unnecessary the consideration of various other alleged defects in the procedure and proofs of appellee.

 Appellant's motion to strike appellee's additional abstract is sustained. The additional abstract set out only an amendment to plaintiff's petition filed in the district court subsequent to the appeal. John Hancock Mut. L. Ins. Co. v. Linnan, 205 Iowa 176, 218 N. W. 46.—Reversed.

HAMILTON, C. J., and HALE, MILLER, MITCHELL, SAGER, RICHARDS, and BLISS, JJ., concur.