Bernard Rompza, Appellant, v. Lawrence Lucas and Philip Lucas, Appellees.

Gen. No. 10,257.

Heard in this court at the May term,

1948. Opinion filed October 14, 1948. Rehearing denied May 3, 1949. Released for publication May 4, 1949.

MULCAHY, MURPHY & DIERINGER, of Chicago, for appellant; HENRY W. DIERINGER, and DAVID POTTISHMANN, both of Chicago, of counsel.

SNYDER & CLARKE, of Waukegan, for appellees; GERALD C. SNYDER and DANIEL J. DALZIEL, both of Waukegan, of counsel.

MR. JUSTICE DOVE delivered the opinion of the court.

On April 12, 1947, plaintiff filed his complaint in the circuit court of Lake county seeking to recover from the defendants compensation for personal injuries and property damage which he suffered on May 28, 1946, as the result of an automobile accident due, so he charged, to the negligence of the defendants while the automobile of the defendant, Philip Lucas was being driven by his agent, Lawrence Lucas, on Route No. 41, being one of the highways of this State.

On the same day the complaint was filed, a summons was issued returnable as provided by law. This summons was returned by the sheriff of Lake county on April 23, 1947, with the indorsement "The within named defendants not found in my County." A notice was filed with the clerk of the circuit court on June 20, 1947. The notice is as follows, *viz:*

"State of Illinois ⎱ ss
Lake County ⎰

In the Circuit Court of Lake County

Bernard Rompza,
 Plaintiff

 vs. Case No. 49439
Lawrence Lucas and
Philip Lucas,
 Defendants

To:

Lawrence Lucas
1437 North 30th Avenue
Milwaukee, Wisconsin
Philip Lucas
2035 Galena Avenue
Milwaukee, Wisconsin

You are hereby notified that the above entitled action or proceeding against you is one growing out of your use or operation of a motor vehicle over the highways of the State of Illinois, resulting in damage to person or property or both.

You are further notified that less than ten days prior to the date hereof on, to-wit the 18 day of April, 1947, the undersigned caused summons in the above entitled suit to be served on Edward J. Barrett, Secretary of State, Springfield, Illinois, as your true and lawful attorney, by the filing of a copy of such process in his office, and that simultaneously therewith the undersigned paid to said Secretary of State the requisite statutory fee of Two Dollars ($2.00) therefor. An additional copy of such process is enclosed herewith and is hereby sent to each of you by registered mail, in accordance with the Statutes of the State of Illinois in such case made and provided.

Dated this 19 day of April, 1947 at Chicago, Illinois.

Bernard Rompza
By Henry W. Dieringer /signed/
Attorney for the Plaintiff''

An affidavit of compliance was also filed with the clerk on June 20, 1947 and is as follows:

''State of Illinois ⎰ ss
Lake County ⎱

In the Circuit Court of Lake County

110

Bernard Rompza,
 Plaintiff
 vs. Case No. 49439
Lawrence Lucas and
Philip Lucas,
 Defendants

### Affidavit of Compliance

Henry W. Dieringer, being first duly sworn, on oath deposes and says that he is one of the attorneys and the duly authorized agent of and for Bernard Rompza, plaintiff, in this behalf; that he has knowledge of the facts; that the defendants, Lawrence Lucas is a non-resident of this state; that the address of said defendant last known to plaintiff and to this deponent is; 1437 North 30th Avenue, Milwaukee, Wisconsin; that the defendant, Philip Lucas, is a non-resident of this state; that the address of said defendant last known to the plaintiff and to this deponent is: 2035 Galena Avenue, Milwaukee, Wisconsin; that the above entitled action is one growing out of the use or operation of a motor vehicle by the defendants over the highways of the State of Illinois, resulting in damage or loss of to the person or property of the plaintiff; that on the 18 day of April, 1947, deponent filed in the office of Edward J. Barrett, Secretary of State, at Springfield, Illinois, a true and correct copy of the attached summons; that upon the filing of said copy, deponent paid to said Secretary of State the fee of Two Dollars ($2.00) required by law; that within ten days thereafter, on, to-wit: the 22 day of April 1947 deponent served upon the said defendants a true and correct copy of the summons and also a notice of the filing of the bond and a copy of the summons in the office of the Secretary of State and the payment of the fee therefor as hereinbefore described, by mailing the same, registered, at the United States Post Office at Chicago, Illinois, enclosed in a sealed envelope with postage and

registry fees fully prepaid, addressed to Lawrence Lucas, 1437 North 30th Avenue, Milwaukee, Wisconsin and that to Philip Lucas, 2035 Galena Avenue, Milwaukee, Wisconsin; that a true and correct copy of said notice so mailed as aforesaid is attached hereto as 'Exhibit A.'

Deponent further says that thereafter, on the 23 day of April, 1947, there was delivered to deponent by the United States Post Office a printed form of return receipt, signed with the names of the defendants and acknowledging receipt by said defendants of said registered mail.

Further deponent sayeth not.

Henry W. Dieringer /signed/
One of the Attorneys and agent for
Plaintiff in this behalf.

Subscribed and sworn to before me this 23 day of April 1947.

David Pottishmann /signed/
Notary Public.''

(SEAL)

On the same day, June 20, 1947, the defendants were defaulted and on that day a hearing was had in part which was concluded on June 23, 1947, resulting in a judgment being rendered by the circuit court in favor of the plaintiff and against the defendants for $2,500 and costs of suit. On July 2, 1947, an execution was issued upon the judgment which was, on July 14, 1947, returned in no part satisfied by the sheriff of Lake county. Subsequently and on December 24, 1947, upon notice and motion of the defendants, the court vacated the judgment of June 20, 1947, and set aside the default and reinstated the cause upon the docket of the circuit court. To reverse this judgment order of December 24, 1947, this appeal has been prosecuted by the plaintiff.

It is contended by counsel for appellees and so held by the trial court that the constructive or substituted

service on appellees was defective first, because the affidavit of compliance failed to affirmatively establish that appellees were, on the day of the accident, May 28, 1946, nonresident users of a highway of this State and second that appellant failed to append his affidavit of compliance to the summons and to return the summons with the affidavit appended or attached to it.

It is insisted by counsel for appellant that they have complied with the provisions of the statute in every respect and that there is nothing in the statute which requires the plaintiff to set forth in any particular way that the defendants were, at the time of the accident, or at any other time, nonresidents, that the affidavit of compliance shows the address of defendants and thereby denotes that they were nonresidents of this State. Counsel argue that it is physically impossible to attach an affidavit of compliance to the original summons because the affidavit of compliance can only be completed after service of process was had on the Secretary of State.

The pertinent provisions of the statute providing for service of process on a nonresident motor vehicle operator is as follows:

"The use and operation by a non-resident of a motor vehicle over the highways of the State of Illinois, shall be deemed an appointment by such non-resident of the Secretary of State, to be his true and lawful attorney upon whom may be served all legal process in any action or proceeding against him, growing out of such use or resulting in damage or loss to person or property, and said use or operation shall be a signification of his agreement that any such process against him which is so served, shall be of the same legal force and validity as though served upon him personally. Service of such process shall be made by serving a copy upon the Secretary of State, or by filing such copy in his office, together, with a fee of two dollars ($2.00)

and such service shall be sufficient service upon the said non-resident; if notice of such service and a copy of the process are, within ten days thereafter, sent by registered mail by the plaintiff to the defendant, at the last known address of the said defendant, and the plaintiff's affidavit of compliance herewith is appended to the summons." (Ch. 95½, sec. 20a, par. 23, Ill. Rev. Stat. 1945 [Jones Ill. Stats. Ann. 85.023].)

■ ■ A party claiming constructive service must show a strict compliance with every requirement of this section. *Burdick v. Powell Bros. Truck Lines, Inc.,* 124 F. (2d) 694, 697; *Brammall v. La Rose,* 105 Vt. 345, 165 Atl. 916; *Correll v. Greider,* 246 Ill. 378; *Donnelly v. Carpenter,* 55 Ohio App. 463. What then are the requirements of the statute? First, process must be served upon the Secretary of State, either, (a) by serving a copy upon him or (b) by filing such copy in his office together with a fee of two dollars. Appellees do not contend that this was not done in the instant case. The statute then requires that notice of such service and a copy of the process served on the Secretary of State be sent, within ten days thereafter, by registered mail, by the plaintiff to the defendant at the last known address of the defendant. The notice of the service which is thus required to be sent to the defendant contemplates a formal notice over the signature of the plaintiff or his attorney fully informing the defendant of such service. (*Schilling v. Odlebak,* 177 Minn. 90, 224 N. W. 694.) It is conceded that the notice to the defendants is sufficient. Another requirement of the statute is that the affidavit of compliance showing that these steps have been taken "is appended to the summons." In view of our conclusion that the affidavit of compliance is not sufficient it is not necessary for us to determine whether its filing with the clerk is or is not a sufficient compliance with the statute. (See, however, *Peeples v. Ramspacher,* 29 F. Supp. 632.)

The Motor Vehicle Act of Iowa relative to substituted service upon nonresident defendants provided, among other things, that service of original notice in such actions may be made upon such nonresidents by service upon the commissioner of the motor vehicle department. In reversing the judgment of the district court which overruled defendant's special appearances and motions to quash the service, the Supreme Court of Iowa in *Welsh v. Ruopp*, 228 Iowa 70, 289 N. W. 760, held that the original notice served on the commissioner need not set out circumstances justifying the employment of the special method of service adopted and that the original notice need not set out any facts which might be necessary to sustain jurisdiction. The court then said: ''However, it is apparent that upon attack by special appearance and motion to quash, a showing was required of the facts essential to jurisdiction. *Pendy v. Cole*, 211 Iowa 199, 233 N. W. 47. One of such basic jurisdictional facts was the nonresidence of the defendant at the time the use and operation of the vehicle allegedly caused the damage upon which the suit was based. Non-residence at the time of the accident was required. Jurisdiction over defendants who were residents of Iowa at the time of an automobile accident and who later became nonresidents could not be secured by this special method of substituted service. Nor may such non-residence be assumed.'' The court then quoted from *Jermaine v. Graf*, 225 Iowa 1063, 283 N. W. 428, 430 and continued: ''In the case at bar the only proof offered that appellants were non-residents related not to the time of the accident in August 1937 but to the time the suit was started one and one-half years later. There was no proof furnished as to their place of residence in August 1937 or at or about that time. Consequently there was a lack of proof of facts which would have formed a proper basis for the invocation of this method of substituted service of original notice. In the ab-

sence of such showing said attempted service was defective. This necessitates a reversal of the ruling of the District Court.''

*Carlson v. District Court of City & County of Denver,* 116 Colo. 330, 180 P. (2d) 525, was an original proceeding brought in the Supreme Court of Colorado, challenging the jurisdiction of the district court of the City of Denver and seeking to restrain the plaintiff from further proceeding in an action pending in that court wherein jurisdiction of the defendant had been attempted to be secured under the provisions of a statute similar to paragraph 23 of our Motor Vehicle Act. The Colorado statute begins: ''The operation by a non-resident of a motor vehicle on a public highway in this state shall be deemed equivalent to an appointment by such non-resident of the secretary of state to be his or its true and lawful attorney, upon whom may be served all lawful civil process in any action or proceedings brought against him or it, growing out of any accident or collision in which such non-resident may be involved while operating a motor vehicle on such public highway.'' In the district court the defendant entered his special appearance and moved to quash the service on the ground that at the time of the collision he was a resident of Colorado. The district court denied the motion to quash and gave the defendant 20 days within which to appear. Thereupon the instant proceeding was instituted in the Supreme Court asking for an order in the nature of a writ of prohibition. In awarding the writ and in the course of its opinion the court said: ''The motion to quash challenged the court's jurisdiction, and, consequently the burden of proof in the district court was on Fodor (the plaintiff) to establish by competent evidence all the facts essential to the court's jurisdiction. One of these essential facts in the instant case was the non-residence of plaintiff here at the time of the accident on December 4, 1944.'' Citing cases from Iowa, Flor-

ida and Ohio. In *Wood v. White,* decided by the United States Court of Appeals, for the District of Columbia, reported in 97 F. (2d) 646 a like conclusion was arrived at under the provisions of a similar statute.

In *Brammall v. La Rose,* 105 Vt. 345, 165 Atl. 916, the court construed a similar provision of the Vermont statute and in the course of its opinion said: ''The filing of the affidavit of compliance is not, strictly speaking, a part of the service, but is a means of informing the court that the requisite notice to the defendant has been given in the manner prescribed. It is analogous to the return of process, made by the authorized officer.'' It is therefore from the contents of the affidavit of compliance that the court determines its jurisdiction. In order for the trial court to acquire jurisdiction of the instant proceeding it must have been made to appear that the defendants were nonresidents of the State of Illinois on May 28, 1946, the date of the accident. This does not appear. The jurat to the affidavit is dated April 23, 1947, and the statement in the affidavit is ''that the defendant, Lawrence Lucas *is* a non-resident of this State—and the defendant, Philip Lucas, is a non-resident of this state.'' In other words the affidavit is to the effect that the defendants were nonresidents eleven months after the accident. It does not appear that they were nonresidents on May 26, 1946.

Under the authorities the circuit court had not acquired jurisdiction of the defendants under the provisions of the statute here involved, on June 20, 1947, when they were defaulted or on June 23, 1947, when the court rendered judgment. There is therefore no merit in appellant's contention that the circuit court lost jurisdiction to set aside this judgment after the expiration of 30 days. A judgment entered by a court which lacks jurisdiction of the parties is void and may be attacked at any time, in any court, either directly or collaterally. *Barnard v. Michael,* 392 Ill. 130;

*Anderson v. Anderson,* 292 Ill. App. 421; *Campbell v. McCahan,* 41 Ill. 45.

The record in this case discloses that an answer denying all the allegations of the complaint was filed in this case on June 20, 1947, prior to the time defendants were defaulted. Counsel for plaintiff was not advised thereof, nor was the court. Counsel for plaintiff now urge that if there had been no sufficient service on defendants, prior to the time their answer was filed, that then by filing their answer, the defendants waived the defective service. We do not believe this conclusion follows. The default and judgment were based upon process which we hold was defective. The defendants, by filing their answer did submit themselves to the jurisdiction of the court but they were defaulted for want of an answer and the default and judgment having been properly set aside, the case, upon the affirmance of the order of the trial court, is at issue in the trial court and ready for a determination upon it's merits.

The judgment order appealed from is affirmed.

*Judgment order affirmed.*