**HAYES v. JANSEN et al.**

Civil No. 1–34.

United States District Court
S. D. Iowa, Central Division.

March 15, 1950.

2

Charles I. Joy, Perry, Iowa, for plaintiff.

Maxwell A. O'Brien (of Parrish, Guthrie, Colflesh & O'Brien), Des Moines, Iowa, for defendants.

SWITZER, District Judge.

This matter is before the court on a motion or special appearance of the defendant Favor, Ruhl & Company, objecting to the sufficiency of the substituted service of process had upon it. Such service was made under the authority of Sections 321.-498 to 321.511, Code of Iowa 1946, I.C.A., which prescribes a method of obtaining service of process on nonresident motorists· in the event their use of the highways of this State should involve them in civil proceedings.

Suit was originally filed in this case in the State court of Dallas County, Iowa, against the nonresident defendants, H. D. Jansen and the corporation Favor, Ruhl & Co., for damages claimed to have resulted from an alleged collision on Oct. 7, 1949, in that County, between the car driven by the plaintiff and the car owned and driven by the employee Jansen. The action was commenced on Dec. 7, 1949, and the defendants removed the same to this court on Dec. 22, 1949.

Substituted service was had upon H. D. Jansen and the Favor, Ruhl & Co. by filing the Original Notice of the Dallas County Court with the Commissioner of Public Safety of Iowa and by mailing to the defendants in Chicago, Ill., a notification by registered mail of said filing, pursuant to said substituted service statutes.

The facts as they appear from the pleadings, affidavits and returns are:

That the defendant H. D. Jansen is a resident of Chicago, Ill., and that at the time and place of the accident in Iowa he was engaged by the Favor, Ruhl & Company, a corporation of Chicago, Ill., as their sales representative. That the defendant Jansen was the sole owner of the 1948 Studebaker car, Illinois license No. 743-086, which he was. driving when the collision occurred on October 7, 1949; that he was then engaged in the sale of artists supplies handled by the Favor, Ruhl & Company; that in the selling of such supplies he conducted his own operations, laid out his own itinerary, received no directions or orders from said Favor, Ruhl & Co. as to such travel or itinerary; that said company exercised no control over the operations of his automobile or the manner in which he used it, but that the defendant corporation did pay him a weekly salary of $75 and an annual bonus, his expenses, which included five cents per mile for the use of the car and it carried a policy of insurance to protect its liability, if any. That Mr. Jansen covered a nine-state area, that he made out his own itinerary, fixed his own time of work and travel independent of any control or supervision thereof by the Favor,. Ruhl & Company.

After the accident in Dallas County, a writ of attachment was issued by that court against the Studebaker car owned by Mr. Jansen involved in the collision and he furnished a delivery bond for its release to him.

Plaintiff contends that the defendant, Favor, Ruhl & Company has already

entered its general appearance in this proceeding and has thus invoked the jurisdiction of this court by the filing of its petition for removal from the State court to the federal court of the cause commenced in the State court. However, the general holding has been to the contrary. General Investment Co. v. Lake Shore & M. S. Ry. Co., 260 U.S. 261, 43 S.Ct. 106, 67 L.Ed. 244; Michigan Central R. Co. v. Mix, 278 U.S. 492, 49 S.Ct. 207, 73 L.Ed. 470.

As stated, the objection made by the defendant Favor, Ruhl & Co. to the jurisdiction of the court is grounded on the fact that said defendant is not a "person" within the provisions of Sec. 321.498 or 321.499, Code of Iowa 1946, I.C.A.

Section 321.498 in part provides:

"The use and operation of a motor vehicle in this state on the public highways thereof by a person who is a nonresident of this state shall be deemed:

"1. An agreement by him that he shall be subject to the jurisdiction of the district court * * * and

"2. An appointment by such nonresident of the commissioner of the public safety department of this state as his lawful attorney upon whom may be served all original notices of suit pertaining to such actions and proceedings, and

"3. An agreement by such nonresident that any original notice of suit so served shall be of the same legal force and validity as if personally served on him in this state."

And Sec. 321.499. " 'Person' defined. The term 'person', as used in section 321.498 shall mean:

"1. The owner of the vehicle whether it is being used and operated personally by said owner, or by his agent.

"2. An agent using and operating the vehicle for his principal.

"3. Any person who is in charge of the vehicle and of the use and operation thereof with the express or implied consent of the owner."

█ The court has set out the facts taken from the pleadings rather extensively for the reason that the decision of the court here must rest entirely upon the complaint,

the return of service, affidavit of the plaintiff, return registry receipt, the affidavit of the defendant, and any other facts adduced by either side upon submission of the special appearance. Jermaine v. Graf, 225 Iowa 1063, 283 N.W. 428. It is likewise fundamental that the burden of sustaining by adequate showing the question of jurisdiction rests exclusively upon the plaintiff. Jermaine v. Graf, supra; Pendy v. Cole, 211 Iowa 199, 233 N.W. 47; Welsh v. Ruopp, 228 Iowa 70, 289 N.W. 760.

To ascertain whether the plaintiff has sustained the burden here, the court must apply the facts above recited to a proper construction of the statute involved.

It is true that Section 4.2 of the 1946 Code of Iowa, I.C.A., specifically provides that the rule of the common law that statutes in derogation thereof are to be strictly construed, has no application to the Iowa Code. However, the Iowa court in Jermaine v. Graf, supra, 225 Iowa page 1066, 283 N.W. at page 430, in discussing this question, said: "But this court has repeatedly held that statutes providing for substituted service of original notice present a method of procedure that is extraordinary in character, and allowed only because specially authorized. We have held that, such statutes being the only authority for the extraordinary procedure, to justify the procedure the facts recited in the statute must appear."

█ Manifestly what the court intended to say from this quotation was that despite the plain provisions of Section 4.2, supra, in determining whether or not jurisdiction has been acquired in substituted service cases of any character, a narrow and literal compliance with the statutory requirements would of necessity need be shown by a plaintiff to satisfy the statute. The fact that the Iowa Supreme Court have consistently followed this rule since and long prior to the enactment of the nonresident motorist service statutes is almost too fundamental to require citation of authorities. Journey v. Dickerson, 21 Iowa 308; Fanning v. Krapfl, 61 Iowa 417, 14 N.W. 727, 16 N.W. 293; Thornily v. Prentice, 121 Iowa 89, 96 N.W. 728, 100 Am.St.Rep. 317; Sleeper v. Killion, 166 Iowa 205, 147 N.W. 314;

4

Kriv v. Northwestern Securities Co., 237 Iowa 1189, 1199, 24 N.W.2d 751.

Defendant argues with some merit that the defendant Jansen stood in the relationship of an independent contractor to defendant Favor, Ruhl & Co., for the reason that no adequate showing has been made as to any supervision, direction or control exercised by Favor, Ruhl & Co. over Jansen in the prosecution of his work. He has been allotted a nine-state area in which to sell the goods of the defendant corporation. He has no fixed hours of work; no fixed itinerary for travel. It is true that his occupation is that of a salesman of the goods of the Favor, Ruhl & Co., but how he sells or when and where he sells appear to be matters of his concern only.

■ The affidavit of one Van Wifvat states that the defendant Jansen told him on the day following the accident that he was an employee of the Favor, Ruhl & Co. and that said company was covered by an insurance policy on the car to cover its liability. Likewise, the vice president of the Favor, Ruhl & Company in his affidavit states that the defendant Jansen "has been employed for a number of years as a salesman" by the defendant company. The mere statement of a legal conclusion by affidavit or otherwise does not establish the legal relationship between the parties. Rather, the court must look to the entire context of the affidavits in question and all of the surrounding facts and circumstances to arrive at a correct conclusion with reference to this. Additionally, the statement in the Van Wifvat affidavit with reference to the liability insurance carried by Favor, Ruhl & Company is in and of itself determinative of nothing. What kind of insurance is it? What kind of and type of liability is covered thereby? These and many other questions relating to possible insurability and the plain inference to be drawn therefrom remain unanswered in this record. Plaintiff has failed to sustain his burden in this respect, sufficiently to enable the court to draw any implications or inferences therefrom favorable to his position.

Certainly the use of defendant Jansen's automobile, for which he receives five cents per mile, appears to be exclusively within his control. No showing is here made that the use of his automobile is an adjunct or condition precedent to his retention by Favor, Ruhl & Co. as a salesman of its products. For all that here appears he is under no compulsion to use his car at all, but might, if he chose, travel by train or bus, or by any other method of transportation.

■ The court must also conclude that there is a clear distinction or ceavage between the personal relationship of the defendant Jansen with the defendant Favor, Ruhl & Company and that of the use by the defendant Jansen of his automobile in the course of his occupation. The record here is devoid of any competent and adequate showing that Favor, Ruhl & Co. is in charge of the "use and operation thereof" of said automobile, as is required by Section 321.499 (3), before jurisdiction is obtained.

Plaintiff argues that it is immaterial whether Favor, Ruhl & Co. exercises any control over the person of the defendant Jansen or of the use by him of his car, but rather under the holding of Smith v. Marshall Ice Company, 204 Iowa 1348, 217 N.W. 264, the test is whether Favor, Ruhl & Co. had the right to exercise such control, whether it in fact did or did not. The trouble with this contention is that plaintiff has not sustained his burden of establishing that such a right did in fact exist in the defendant Favor, Ruhl & Co.

Plaintiff offers additional tests in which he seeks to refute the existence of an independent contractor relationship between these defendants. He claims that the defendant Jansen could have quit work at any time or he could have been discharged at any time. Again on this point plaintiff has failed to adequately sustain his burden. The only evidence bearing upon this point is the affidavit of the vice-president of the Favor, Ruhl & Co. himself, which does state that no written contract exists between the company and Jansen, but it does not elaborate as to whether an oral contract exists or as to just what the arrangement is between the parties. Likewise, plaintiff contends that defendant Jansen maintains no place of business, employed no help, ac-

cepted no contracts with third persons for his services and could terminate his relation with Favor, Ruhl & Company at will without invoking liability for breach of contract.

This court finds none of these contentions established by the plaintiff in this matter. Certainly methods or times of payment of consideration for services performed are not in and of themselves a sufficient test to establish an employee-employer relationship.

Plaintiff also contends that the case of Skutt v. Dillavou, 234 Iowa 610, 13 N.W.2d 322, 325, 155 A.L.R. 327, establishes that jurisdiction was obtained by substituted service on Favor, Ruhl & Company. That case, however, is clearly distinguishable from this case at bar. The owner of a tractor in that case leased it as well as his services for use in pulling freight trailers over a route established by the lessee thereof under a license owned by the lessee from the Interstate Commerce Commission and in pursuance of specific and detailed directions as to his course of travel, time of travel and place of travel on each route taken. It seems apparent that under these facts the lessee of the tractor was in charge of "the use and operation thereof." The distinction between this case and the case at bar seems abundantly clear.

I do not believe it necessary to find for a correct solution of this case that the defendant Jansen was an independent contractor, much as the court is persuaded toward that point of view. It is enough to defeat the claimed jurisdiction here that the plaintiff has failed to adequately sustain his burden of proof in the establishment of the plain requirements of the statute. Certainly, the defendant Favor, Ruhl & Co. was not in this case a "person" in charge of a motor vehicle or in charge of the use and operation thereof.

The special appearance should be sustained and the attempted service upon Favor, Ruhl & Company quashed. The Clerk will enter the following order:

The above entitled matter came on before the court at Des Moines, Iowa, on the 25th day of February, 1950, and was argued and submitted on the written briefs of counsel, and the court being advised;

It is ordered that the special appearance herein of the defendant Favor, Ruhl & Company, objecting to the jurisdiction of the court on the ground that service upon it had not been legally obtained, is sustained. Plaintiff excepts.