**HALE v. MORGAN PACKING CO. et al.**

**RENN v. MORGAN PACKING CO. et al.**
**Civ. Nos. 898–D–900–D.**

United States District Court
E. D. Illinois.

June 22, 1950.

Pyle & McCallister, of Carmi, Ill., for plaintiffs.

Lawrence B. Moore, of Paris, Ill., for defendants.

PLATT, District Judge.

These are suits brought under the Wrongful Death Act, Chap. 70, Secs. 1 and 2, Ill. Rev. St. 1949. The death of the plaintiff's intestate in each case arises from the use and operation of a motor vehicle over the highways of the State of Illinois on March 15, 1949. The complaints were filed in the Circuit Court of White County February 4, 1950 and removed to this court.

The defendants were nonresidents of the State of Illinois at the time of the occurrence in question. Service was had upon

the two defendants under Chap. 95½, Sec. 22, Motor Vehicles, Ill. Rev. St. 1949. The defendants and each of them have entered their special appearance and filed a verified motion to quash the service of summons on each defendant upon the following grounds:

(1) The affidavit of service does not allege that the defendants and each of them were nonresidents at the time of the occurrence in question;

(2) That the defendant Morgan Packing Company, a corporation, was not the owner or operator of the alleged truck allegedly being operated or driven by James Donald Green at the time of the occurrence mentioned, and that said corporation was incorporated on August 1, 1949 and was not in existence prior to that time; that therefore said Para. 23, Chap. 95½ could not apply to said Morgan Packing Company, a corporation;

(3) That the plaintiff failed to pay $2.00 for service on each defendant;

(4) That no return receipt was ever filed by plaintiff in this action showing or purporting to show any service or attempted service of notice of the attempted service of process upon the Secretary of State of the State of Illinois;

(5) That the affidavit does not show that the occurrence in question arose out of the use of an automobile, as provided in said Sec. 23, Chap. 95½;

(6) That said affidavit of service of summons aforesaid is defective and insufficient in that it fails to state or set forth the alleged copy or copy of summons issued in this cause and notice or notices required to be sent by plaintiff to said defendants.

■ Plaintiff filed a motion on April 7, 1950 for leave to amend the affidavit of service of summons and attached thereto the amended proof of service. This amended proof of service corrects the objections raised by the defendants and each of them with the exception of the payment of the $2.00 for each defendant, and also does not specifically allege that the Morgan Packing Company was a corporation in existence at the time of the collision on March 15, 1949 so that it might be served by summons, under said Sec. 23, Chap. 95½, Ill. Rev. Stat.

1949. The said Sec. 23 requires that a fee of $2.00 be paid to the Secretary of State. "Strict compliance" is required in Illinois for constructive service of this kind. Rompza v. Lucas, 337 Ill.App. 106, at page 113, 85 N.E.2d 467. The Secretary of State is the recipient of the $2.00 under the statute, and even though the statute must be complied with strictly it does not seem that the defendant who has been served could raise the objection as to whether the $2.00 fee was paid.

In objecting to amending the affidavit of service defendants have cited Rompza v. Lucas, 337 Ill.App. 106, 85 N.E.2d 467. This case holds that the affidavit must strictly comply with said Sec. 23, Chap. 95½ but does not hold that the proof of service or the affidavit may not be amended. Rule 4 (h), Federal Rules of Civil Procedure, 28 U.S.C.A. expressly provides as follows: "At any time in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued." The defendants have shown no material prejudice to any substantial right by the amendment of the affidavit of service. The federal courts have permitted such amendment. Burdick v. Powell Bros. Truck Lines, Inc., D.C., 1 F.R.D. at page 220.

■ Furthermore, the affidavit, in this case being merely the proof of service and not the actual service as provided for in the Illinois statute would not affect the validity of the service. Rule 4(g), Federal Rules of Civil Procedure, 28 U.S.C.A. "Return. * * * Failure to make proof of service does not affect validity of the service." People v. Ramspacher, D.C., 29 F.Supp. 632.

We therefore come to the conclusion that so far as this Court is concerned the service on the defendant James Donald Green with the amended affidavit is sufficient.

Plaintiff has also filed a motion for leave to amend the complaint by substituting names of some defendants. In the body of this motion is set forth that on March 15,

1949, Ivan C. Morgan, Joseph S. Morgan, Ivan H. Morgan, Margaret M. Rennard, and Marion Lyons as an association or copartnership were doing business as the Morgan Packing Company; that on the 12th day of August, 1949 the said partners incorporated said business under the name of the Morgan Packing Company; that two of the said partners have died and that Lenora Morgan is the duly appointed administratrix of the Estate of Joseph S. Morgan and Fern Morgan is the duly appointed administratrix of Ivan C. Morgan; and prays that he be permitted to make parties defendant herein the said two administratrix and the remaining surviving parners instead of Morgan Packing Company, a corporation.

The defendants and each of them have objected to this upon the ground that the substitution of said partners in place of Morgan Packing Company, a corporation, is a new and entirely different cause of action from that suit in the original complaint and comes after the one year provision for time to commence a cause of action under Sec. 2 of the Injuries Act of Illinois, Chap. 70 of the Ill. Rev. Statutes. Sections 1 and 2 of Chapter 70, Ill. Rev. St. 1949, was in derogation of the common law. At common law no action survived. This continued action is a new suit unknown to the common law and purely statutory. Hazel v. Hoopeston-Danville Bus Company, 310 Ill. 38, 141 N.E. 392, 30 A.L.R. 491.

Plaintiffs are contending that this is a misnomer and is not a new action. In Fitzpatrick v. Pitcairn, 371 Ill. 203, 20 N.E.2d 280, the Supreme Court of the State of Illinois, in a suit under the Wrongful Death Act, the plaintiff sued the Wabash Railway Company within the year. After the year expired plaintiff attempted to amend the summons which recited service upon the railway company by delivering a copy to Charles T. Chapman, its agent. More than one year after the accident the receivers by leave of court were added as parties defendant and were served with process, the receivers having been in the operation of the railroad company on the date the cause of action arose. The only issue in that case was whether suit was commenced against the receivers within the statutory limitation. 371 Ill. at page 210, 20 N.E.2d at page 283, the Court there said: " 'The Injuries Act applies to the commencement of a suit and has no application to matters of pleading or procedure thereafter.' Adhering to our former holdings we said the time fixed by the Injuries act for commencing an action for wrongful death is not a statute of limitations, but is a condition of the liability itself; that it is a condition precedent attached to the right to sue at all, and, being so, the plaintiff must bring himself within the prescribed requirements necessary to confer the right of action."

Inasmuch as this is a suit upon a statute and in derogation of the common law the Court there held that the provision for amending and substituting parties under the Practice Act could not apply. To the same effect and holding that substitution of parties is a new cause of action, Third Nat'l Bank & Trust Co. of Springfield, Mass. v. White, D.C., 58 F.2d 411, and Sweeney v. Greewood Index-Journal Co., D.C., 37 F. Supp. 484; Metropolitan Trust Co. v. Bowman Dairy Co., 369 Ill. 222, 15 N.E.2d 838; Wilson v. Tromly, 404 Ill. 307, 89 N.E.2d 22.

The fact that the defendants are nonresidents of the State of Illinois does not toll the statute while they are nonresidents. They could obtain service by substituted personal service under said Sec. 23, Chap. 95½. Nelson v. Richardson, 295 Ill. App. 504, 15 N.E.2d 17.

Of course, plaintiff could be permitted to amend his complaint and make the new party defendant, but the Court should not permit an amendment to pleading to cure defects therein where the amendment would be futile. U. S. v. Crary, D. C., 1 F. Supp. 406; Hartmann v. Time, Inc., D.C., 64 F.Supp. 671, at page 681.

Therefore, leave to substitute new parties defendant having been requested on April 7th more than one year after the death in question, it is denied. Plaintiffs may proceed as to the defendant James Donald Green.