### LIED MOTOR CAR CO.
### v.
### MAXEY.

### HARRILL v. MAXEY.
### Nos. 14809, 14810.

United States Court of Appeals
Eighth Circuit.
Dec. 10, 1953.

Emmet Tinley, Council Bluffs, Iowa (Robert M. Stuart, Francis S. Gaines and Tyler B. Gaines, Omaha, Neb., were with him on the brief), for appellant Lied Motor Car Co.

John S. Samson, Omaha, Neb., and Addison C. Kistle, Council Bluffs, Iowa (John W. Mitchell and Addison G. Kistle, Council Bluffs, were with them on the brief), for appellee.

Before JOHNSEN and COLLET, Circuit Judges, and NORDBYE, District Judge.

COLLET, Circuit Judge.

Plaintiff, a resident and a citizen of Missouri, recovered damages for personal injuries arising out of an automobile accident near Glenwood, Iowa, on the evening of July 6, 1951. The defendants were Ivan Harrill, a minor, resident and citizen of Council Bluffs, Iowa, the driver of the car, and the Lied Motor Car Co., a Nebraska corporation engaged in the sale of automobiles at Omaha, Nebraska, and not doing business in the State of Iowa. The action was filed in the United States District Court for the Southern District of Iowa. Service of process on the defendant Lied was under the Iowa Non-resident Motorist Service Act, Sec. 321.498, I Code of Iowa 1950, p. 933, I.C.A.,[1] by service upon the Commissioner of Public Safety of Iowa, and notice pursuant to that statute mailed to the Lied Motor Car Co. at its place of business at Omaha, Nebraska. Defendant Lied challenged the jurisdiction of the United States Court of Iowa on the ground of venue and improper service on it. That challenge was overruled and preserved. The defense of Lied, beyond the question of venue, was that Lied was not the owner of the car, had

[1] "321.498 Legal effect of use and operation. The use and operation of a motor vehicle in this state on the public highways thereof by a person who is a nonresident of this state shall be deemed:

"1. An agreement by him that he shall be subject to the jurisdiction of the district court of this state over all civil actions and proceedings against him for damages to person or property growing or arising out of such use and operation, and

"2. An appointment by such nonresident of the commissioner of the public safety department of this state as his lawful attorney upon whom may be served all original notices of suit pertaining to such actions and proceedings, and

"3. An agreement by such nonresident that any original notice of suit so served shall be of the same legal force and validity as if personally served on him in this state."

no knowledge of its operation by Harrill and no control or right of control over its operation. Upon a trial by jury the question of ownership was submitted to the jury and answered by it in the affirmative. The statute of Iowa making an owner of a motor car driven on the highways of Iowa responsible for damages caused by one driving the car with the owner's permission [2] was applied, with the result that Lied was held responsible for plaintiff's damages. From the judgment entered on the jury's verdict, defendant Lied appealed. There was also judgment against Harrill, who appealed but filed no brief. By motion he requested that his appeal be consolidated with that of Lied for argument and decision. Plaintiff by motion requested leave to amend his complaint so as to state the residence and citizenship of the parties, as heretofore related, to conform to the proof. Both motions are granted. Plaintiff's motion to dismiss Ivan Harrill's appeal is denied.

We lay aside all questions not relating to venue,[3] with two exceptions. The exceptions noted are relevant only to Harrill's appeal and relate to the excessiveness of the verdict and the claim that plaintiff's evidence did not establish his freedom from contributory negligence. This latter claim is without merit and, since this court has repeatedly held that it will not entertain the question of the excessiveness of a verdict on appeal, neither will be considered.

The opinion in this case was prepared some time ago and held awaiting the determination of Olberding v. Illinois Central, wherein the question of whether under a State Non-resident Motorist Service Act, KRS 188.020, 188.030, such as that of Iowa, a non-resident defendant motorist who operated a motor vehicle upon the highways of the state waived the right to be sued only in the jurisdiction specified in the federal venue statute. The latter statute, 28 U.S. C.A. § 1391, is as follows:

"(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside.

\* \* \* \* \* \*

"(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

Olberding v. Illinois Central R. Co., has now been decided. 74 S.Ct. 83. Under authority of Olberding v. Illinois Central R. Co. there was no waiver of venue and the judgment against the defendant Lied must be reversed with directions that the cause as to Lied be dismissed for want of jurisdiction.

Service being proper as to the defendant Ivan Harrill and no error appearing

---

**2.** "321.493 Liability for damages. In all cases where damage is done by any car by reason of negligence of the driver, and driven with the consent of the owner, the owner of the car shall be liable for such damage."
I Code of Iowa, 1950, p. 932, I.C.A.

**3.** There appears from this record to have been no evidence that defendant Harrill, the operator of the motor vehicle, was acting as the agent of the nonresident corporation Lied in the operation of the vehicle. Whether under that factual situation the Iowa Non-resident Motorist Service Act applied to Lied was not briefed. It need not and will not be de-

termined. Since the question is one of some importance we direct the attention of those interested in it to the following: Skutt v. Dillavou, 234 Iowa 610, 13 N. W.2d 322, 155 A.L.R. 327; Sec. 321.499, I Code of Iowa, 1950, p. 933, I.C.A.; Lind v. Eddy, 232 Iowa 1328, 6 N.W.2d 427, 146 A.L.R. 695; Krausnick v. Haegg Roofing Co., 236 Iowa 985, 20 N.W.2d 432, 163 A.L.R. 1413; Selcine v. Wisner, 200 Iowa 1389, 206 N.W. 130; Jermaine v. Graf, 225 Iowa 1063, 283 N. W. 428; Welsh v. Ruopp, 228 Iowa 70, 289 N.W. 760; Halverson v. Sonotone Corp., 71 S.D. 568, 27 N.W.2d 596; Hayes v. Jansen, D.C., 89 F.Supp. 1.

in the record as to the judgment against him, it should be and is affirmed. For the reasons heretofore stated, the judgment against defendant Lied is reversed.