Mrs. Ray SMITH, Plaintiff,

v.

Paul B. CHRISTIAN, and Archie H. Stevens and Hazel H. Stevens, doing business as Stevens Van Lines, and Allen A. Metcalf, doing business as Metcalf Transfer Company, Defendants.

Civ. A. No. 9337.

United States District Court,
W. D. Missouri, W. D.

Oct. 8, 1954.

John C. Russell, Kansas City, Mo., for plaintiff.

W. H. Sanders, of Caldwell, Downing, Garrity, Noble & Eastin, Kansas City, Mo., for defendants.

WHITTAKER, District Judge.

This is an action to recover $9,500 damages for the destruction of household goods of the plaintiff, claimed to have been caused by the negligence of the defendants, occurring on the highways of Missouri.

Jurisdiction is based upon complete diversity and requisite jurisdictional amount. Plaintiff is a citizen and resident of the state of New York. Defendant, Christian, is a citizen and resident of the state of California. Defendants, Stevens, are citizens and residents of the state of Michigan, and defendant, Metcalf, is a citizen and resident of the state of Minnesota. The complaint alleges that she arranged with defendant, Metcalf, doing business as Metcalf Transfer Company, to transport certain of her household goods from Los Angeles, California to Flushing, New York, and that defendants, Stevens, doing business as Stevens Van Lines, acting as agent for defendant, Metcalf, picked up the plaintiff's furniture in Los Angeles and delivered the same, at that place, to the defendant, Christian, who was engaged in transporting the same on the highways of Missouri, in a truck owned by him alone, when the truck was involved in a collision at the junction of U. S. 71 and 71 By-Pass highways in Platte County, Missouri, resulting in the damage to plaintiff's furniture. The petition further alleges that Christian was at the time and place the agent of the defendants, Stevens, and of the defendant, Metcalf, in the operation of his

truck and in the transportation of plaintiff's furniture at the time of the collision and damage.

Service of summons and petition for all of the defendants was had upon the Secretary of State of Missouri under the provisions of Sections 506.200 to 506.320 RSMo 1949, V.A.M.S., and the Secretary of State forwarded that process to the defendants by registered mail.

The defendant, Christian, has answered, but the defendants, Stevens, and the defendant, Metcalf, have filed their motion to quash the service had upon them through the Secretary of State of Missouri, in the manner stated, and to dismiss this action as to them.

Though this is a civil action wherein jurisdiction is founded only upon diversity and requisite jurisdictional amount, and neither the plaintiff nor the defendants are citizens or residents of Missouri, the venue of the Court is not questioned by defendants, Stevens and Metcalf, but their motion questions only the validity of the service of process had upon them herein, and that is the matter now before me for decision.

Section 506.210 RSMo 1949, V.A.M.S., provides:

"Use of highways by nonresidents shall constitute an agreement.—The use and operation of a motor vehicle or trailer in this state on the public highways thereof by a person who is a nonresident of this state shall be deemed

"(1) An agreement by him that he will be subject to the jurisdiction of the courts of this state over all civil actions and proceedings against him by either a resident or nonresident plaintiff, for damages to person or property, including actions for death, growing or arising out of such use and operation; and

"(2) An appointment by such nonresident of the secretary of state of Missouri as his lawful attorney and agent upon whom may be served all process in suits pertaining to such actions and proceedings;

"(3) An agreement by such nonresident that any process in any suit so served shall be of the same legal force and validity as if personally served on him in this state."

Section 506.200 RSMO 1949, V.A.M.S., so far as here pertinent, provides:

"Definitions.—1. The term 'person,' as used in section 506.210, hereafter shall mean

"(1) The owner of the motor vehicle or trailer, whether it is being used and operated personally by said owner or by his agent;

"(2) An agent using and operating the motor vehicle or trailer for his principal;

"(3) Any person who is in charge of the motor vehicle or trailer and of the use and operation thereof with the express or implied consent of the owner."

The question, thus, is whether defendants, Stevens and Metcalf, were, under the averments of plaintiff's complaint, "person[s] who [were] in charge of the motor vehicle or trailer and of the use and operation thereof with the express or implied consent of the owner", within the meaning of Clause 3 of Section 506.200 RSMo 1949, V.A.M.S., as respects the transportation of plaintiff's furniture by defendant, Christian, in his own truck on the highways of Missouri, as the agent of defendants, Stevens and Metcalf.

Plaintiff says yes. Defendants, Stevens and Metcalf, say no. There is no decision in Missouri precisely upon the question, but the parties here agree, and I find it is true, that the Iowa statute, in the respects here considered, is identical with the Missouri statute. Defendants cite the case of Hayes v. Jansen, D.C., 89 F.Supp. 1, decided under the Iowa statute, in support of their motions. Plaintiff cites the Iowa case of Skutt v. Dillavou, 234 Iowa 610, 13 N.W.2d 322, 324,

155 A.L.R. 327. In that case the owner of a tractor had hired it as well as his own services to a principal for the purpose of transporting—by pulling—the trailers of the principal, and while so doing was involved in an accident which resulted in a suit being filed against, and service being had upon, the principal under the identical Iowa statute, upon the basis that the defendant, the principal, was a " 'person who is in charge of the vehicle and of the use and operation thereof with the express or implied consent of the owner.' " That defendant challenged, as the defendants, Stevens and Metcalf, here challenge, the validity of that service of process. The Iowa court held that the service was good, and that defendant, through its agent, the owner of the tractor who had hired it and his services to that defendant, was a " 'person who is in charge of the vehicle, and of the use and operation thereof with the express or implied consent of the owner.' "

I do not regard the case of Hayes v. Jansen, D.C., 89 F.Supp. 1, as contrary to the Skutt case for the reason, as is pointed out in the Hayes-Jansen case, that the plaintiff there did not sufficiently aver or establish that the owner and driver of the vehicle there involved was, in fact, an agent of the defendant at the time of the accident or that the defendant there, who was challenging the service, did, in fact, have the right to control the alleged agent.

I believe that the averments of plaintiff's complaint here bring this case within the holding of the Supreme Court of Iowa in the Skutt case, and that the Skutt case is soundly reasoned, and, therefore, under the averments of plaintiff's complaint here, it must be held that Christian had hired his truck and his services as its driver to the defendants, Stevens and Metcalf, and that the latter were persons in charge of the motor vehicle and of the use and operation thereof, with the express or implied consent of the owner, within the meaning of Clause 3 of Section 506.200 RSMo 1949, V.A.M.S., and, hence, the motion of defendants, Stevens and Metcalf, to quash the service of summons had upon them herein, and to dismiss this action as to them, should be, and it is hereby, denied.