**ROSS–BART PORT THEATRE,**
Incorporated,

v.

**EAGLE LION FILMS, Incorporated, et al.**

**Civ. A. No. 1576.**

United States District Court
E. D. Virginia, at Norfolk.
Feb. 17, 1954.

Martin Abraham, Portsmouth, Va., Willcox, Cooke & Willcox, Norfolk, Va., for plaintiff.

Savage & Lawrence, Willard R. Ashburn, Shapero & Shapero, Sellers & Underwood, Norfolk, Va., Bangel, Bangel & Bangel, Portsmouth, Va., for defendant.

BRYAN, District Judge.

Eagle Lion Films, Incorporated, was served in the District of Columbia on March 4, 1953, and again on July 8, 1953 in New York City. It has moved to quash the process and dismiss the action for lack of venue. At bar the movant waived the points that the recipient of the process was not an authorized agent and that it was not to be found in New York or the District of Columbia. The only ground of the motion now is that the defendant was not at the time of the execution of the summons an inhabitant or resident of the eastern district of Virginia, was not found there, had no agent there, was not transacting business therein, and hence was not subject to suit in this Court and has not been brought here by such service. In answer the plaintiffs urge that this defendant's conduct in the district in 1948, immediately or through its co-conspirators as alleged in the complaint, is sufficient under the special proviso of the antitrust statute to warrant service out of the State in this action, although it was not brought until 1953 and though the defendant was then no longer in the State.

Besides the motion, the record on this argument consists of the president's affidavit verifying the denials of the corporation in respect to its presence in Virginia in 1953 and of the sworn averments of the complaint to the effect that the defendant with others, residents as well as non-residents, had in 1948 conspired and combined to monopolize the business of the exhibition of motion pictures as well as to restrain interstate trade in the licensing and exhibition of motion pictures, and that they had committed certain acts to effectuate these plans, all of which had been done in the cities of Norfolk and Portsmouth and the vicinity.

The motion must be denied. Section 12 of the Clayton Act, 15 U.S.C.A. § 22, said the Court in United States v. Scophony Corp., 1947, 333 U.S. 795, 808, 68 S.Ct. 855, 862, 92 L.Ed. 1091, intended that a "foreign corporation no longer could come to a district, perpetrate there the injuries outlawed, and then by retreating * * * to its headquarters defeat or delay the retribution due." This conclusion was also the clear implication of Eastman Kodak Co. of New York v. Southern Photo Materials Co., 1925, 273 U.S. 359, 373, 47 S.Ct. 400, 71 L.Ed. 684. The result is that if the defendant was by itself or through others participating in any business combination or conspiracy in this district in 1948 in such a manner as to violate the antitrust acts, it was suable here in 1953 no matter its then location. Further, for this purpose it could be reached with

process running out of this Court wherever it was an inhabitant or was to be found.

■ Defendant's motion and affidavit do not deny the allegations of the complaint in regard to the place of Eagle Lion's alleged misconduct in 1948. Thus no difference of fact appears on that score in the present issue, though doubtless it will later arise. At this stage we have only to consider if total absence of this defendant from Virginia at the institution of the action precludes service of process under section 12 of the Clayton Act, 15 U.S.C.A. § 22. In deciding that it does not, the Court holds that the sworn charges of the combination and conspiracy in this district, and the commission of acts in the district pursuant thereto directly or by co-conspirators admittedly present here, sustain venue in the eastern district of Virginia. We observe that Hansen Packing Co. v. Armour & Co., D.C.S.D.N.Y.1936, 16 F.Supp. 784, 787 and Westor Theatres v. Warner Bros. Pictures, D.C., 1941, 41 F.Supp. 757, 762 indicating a different view were decided prior to the expression of opinion quoted supra from the Scophony case. Cf. Giusti v. Pyrotechnic Industries, 9 Cir., 1946, 156 F.2d 351, 354.

■ Complete development of the facts respecting the activities, directly or vicariously, of this defendant in this district in 1948 would be the equivalent almost of a hearing of the case on the merits, and hence it is advisable to defer that determination until the trial. Of course, the present decision does not foreclose the defendant from renewing the point now made, either on the claim of no venue or on the defense of no participation in the offenses alleged.

■ Passing to the second motion filed by certain of the defendants but argued on behalf of all the defendants —that the plaintiffs be required to recast their complaint and state in separate counts their respective causes of action—it is noted that all the "producer" defendants have been dropped from the action. The defendants still in the case are the distributors, termed "remaining defendants", and the exhibitors, designed as the "operating defendants". The Court is of opinion to sustain the motion. The plaintiffs will be required to amend their complaint by eliminating paragraph VIII and transferring its contents, where applicable, to the appropriate count, and by stating, after paragraph IX, the claims of each plaintiff in a separate count. Each count shall specify which defendants were in competition with the plaintiff therein, which of them combined or conspired to restrain its trade, monopolize its business, or lessen or defeat the competition of such plaintiff, and the damages suffered by such plaintiff.