Arthur REED, Jr., Plaintiff,

v.

Francis L. CHARIZIO, Defendant.

Civ. A. No. 712.

United States District Court
E. D. Virginia,
Newport News Division.

April 27, 1960.

Lewis H. Hall, Jr., Newport News, Va., for plaintiff.

W. Worth Martin, Newport News, Va., for defendant.

WALTER E. HOFFMAN, District Judge.

■ Plaintiff, a citizen and resident of the State of Pennsylvania, has instituted this action against the defendant, a citizen and resident of the State of Connecticut, for injuries allegedly received on April 2, 1958, as a result of the negligence of defendant in the operation of an automobile operated by defendant, in which automobile plaintiff was riding as a passenger, while the vehicle was being driven over and along the Colonial National Parkway, conceded by counsel to be on property owned and maintained

by the Federal Government but located entirely within the confines of the State of Virginia. The suit is an original action instituted in this court on February 11, 1960.

Service upon the defendant was obtained pursuant to the terms of the non-resident motorist statute, § 8–67.1 and § 8–67.2 of the Code of Virginia, 1950, by leaving with the Commissioner of the Division of Motor Vehicles of the Commonwealth of Virginia the requisite summons and complaint which, in turn, was forwarded by registered mail, return receipt requested, to the defendant.

Defendant, appearing specially, has filed a motion to dismiss attacking the jurisdiction of the court, and a like motion contending that he is only subject to the jurisdiction of the Connecticut court where he resides. Defendant has also filed a motion to quash the summons alleging that venue has not been acquired or waived.

Undoubtedly jurisdiction exists as the cause of action arose on a Government reservation located entirely within the confines of the State of Virginia. Stokes v. Adair, 4 Cir., 265 F.2d 662, certiorari denied 361 U.S. 816, 80 S.Ct. 56, 4 L.Ed. 2d 62. Moreover, the provisions of 16 U.S.C.A. § 457 would appear to confer a right of action as the Colonial National Parkway is situated within a national park.

That jurisdiction exists does not *per se* grant venue. Reluctantly we find that Olberding v. Illinois Central R. Co., 346 U.S. 338, 74 S.Ct. 83, 98 L.Ed 39, is controlling. There, in an action instituted in the United States District Court for the Western District of Kentucky, Olberding, the owner of a truck, was on temporary business in Kentucky when the truck collided with an overpass of the railroad, thereby causing a subsequent derailment. The railroad, an Illinois corporation, sued Olberding, a citizen of In-

diana, obtaining service of process according to the Kentucky Non-Resident Motorist Statute, KRS 188.020. The Supreme Court, while upholding the jurisdiction of the district court, concluded that consent to be sued by using the highways of Kentucky did not constitute a waiver of federal venue rights.

Prior to Olberding the decisions were in hopeless conflict. It may be argued that Knott Corporation v. Furman, 4 Cir., 163 F.2d 199, decided in 1947, is contrary to Olberding, decided in 1953. If so, Olberding must now be regarded as the law. However, the two cases may be distinguished in principle in that Knott involves a venue question as to a defendant corporation doing business on a Government reservation located in Virginia. There is dictum in Knott which may afford some comfort to the present plaintiff, but to the extent that this dictum is contrary to Olberding, the opinion of the Supreme Court is binding.

See also O'Brien v. Weber, D.C.W.D. Pa., 137 F.Supp. 684; 38 A.L.R.2d 1201; Lied Motor Car Co. v. Maxey, 8 Cir., 208 F.2d 672, 11 Wash & Lee Law Rev. 225, 68 Harvard Law Rev. 179.

The fact that the accident occurred on Government owned property is of no consequence in determining venue. Indeed, since it is apparent that venue would not exist if the accident had taken place on a highway owned and maintained by the State of Virginia, it is difficult to see how venue may be aided by the place of the accident on Government property located within Virginia. The language of 16 U.S.C.A. § 457, providing that "the rights of the parties shall be governed by the laws of the State within the exterior boundaries of which it may be", relates to the substantive rights and not to the venue provisions.

Sustaining defendant's motion to quash the summons the action will be dismissed.