360

## CIRCUIT COURT OF THE CITY OF RICHMOND

Linda G. Cousins, Adm., etc.

v.

William O. Smith, Adm., etc.

October 24, 1989

Case No. LR 2058-1

By JUDGE MELVIN R. HUGHES, JR.

This case is before the Court on defendant William O. Smith, Administrator's objections to venue.

This is an action in wrongful death resulting from an automobile accident occurring in Henrico County where both the plaintiff's decedent and defendant's decedent died.

Smith, a local attorney who maintains an office in Richmond, qualified as administrator of the estate of James Matthew Hayes, Jr., deceased, in Henrico County. Smith argues that except for where the cause of action arose under § 8.01-262(4), venue in cases involving fiduciary defendants lies only in the place where the fiduciary qualifies, and thus venue should be transferred to Henrico County. He relies on *Dowdy v. Franklin*, 203 Va. 7 (1961), a case decided under § 8-38, the predecessor of § 8.01-262, holding that the jurisdiction in which the administrator defendant qualifies is the only place where suit can be brought.

Plaintiff, on the other hand, argues the provisions of § 8.01-262 are cumulative, and he can bring the action where the defendant resides or has his principal place of business pursuant to subsection (1) of the statute, or the place where the defendant regularly conducts business

and affairs pursuant to subsection (3), thus venue is proper in Richmond.

As was mentioned at the hearing, it seems that when the case is not one of the exceptional ones excluded by Section 8.01-259 and given that permissible venue under Section 8.01-262 does not carry the "otherwise specially provided" language contained in its predecessor, § 8-38, the "one or more . . . forums" language of the Category B forums listed in the subsections of § 8.01-262 are permissible, giving a plaintiff the choice of more than one forum. This obtains even though the statute otherwise seems to make distinctions based on persons sued as opposed to events, such as where the cause of action arose or the place where delivery of goods are received, under subsections (4) and (8) respectively.

In summary, on the issue raised, the Court cannot make any distinctions in the scheme set out in the venue statutes that would make the place where the fiduciary qualifies as the only place where a defendant fiduciary can be sued. To this extent, the statute now in place and changed since *Dowdy* evinces an alternative or cumulative approach in permissible venue under § 8.01-262, as plaintiff argues.

The motion is denied.