James A. TENEFRANCIA,
Plaintiff–Appellant,

v.

ROBINSON EXPORT & IMPORT CORPORATION, Defendant–Appellee.

No. 89–2420.

United States Court of Appeals,
Fourth Circuit.

Argued May 8, 1990.
Decided Dec. 27, 1990.

Jay Paul Holland, Joseph, Greenwald & Laake, P.A., Greenbelt, Md., argued (Walter E. Laake, Jr., Joseph, Greenwald & Laake, P.A., Greenbelt, Md., Gary B. Davis, McLean, Va., Robert H. Dellecker, Martinez, Dalton & Provencher, P.A., Orlando, Fla., on the brief), for plaintiff-appellant.

Irving M. Blank, Smith, Moncure, Blank, Isaacs & Hinton, Richmond, Va., argued (Samuel Baronian, Jr., Smith, Moncure, Blank, Isaacs & Hinton, Richmond, Va., Jeffrey B. Smith, Raymond G. Mullady, Jr., Smith, Somerville & Case, Baltimore, Md., on the brief), for defendant-appellee.

Before WIDENER and MURNAGHAN, Circuit Judges, and McMILLAN, Senior United States District Judge for the Western District of North Carolina, sitting by designation.

WIDENER, Circuit Judge:

James A. Tenefrancia appeals calling into question the orders of two district courts transferring this case from the District of Maryland to the Eastern District of Virginia due to improper venue; refusing to retransfer the case back to the District of Maryland; and granting summary judgment against Tenefrancia based on the Virginia statute of limitations in his negligence action against Robinson Export and Import Corporation. Because we conclude that venue was proper in the District of Maryland where Tenefrancia first filed the case, we vacate the order of the District Court for the Eastern District of Virginia dismissing Tenefrancia's action and remand with instructions to transfer the case back to the District of Maryland for further proceedings not inconsistent with this opinion.

Tenefrancia's complaint against Robinson Export alleges that on August 20, 1985 Jerome Nowak was operating a truck in Fairfax County, Virginia, as the "agent, servant and/or employee" of Robinson Export. Nowak failed to comply with a stop sign and struck Tenefrancia's vehicle, causing Tenefrancia to suffer "serious and permanent personal injuries and property damage." Tenefrancia is a citizen of Florida, while Robinson Export is a Virginia corporation with its principal place of business located in Springfield, Virginia. In addition, Robinson Export is registered to do business in Maryland and maintains a place of business in Savage, Maryland. Therefore, Tenefrancia's complaint, which he filed August 19, 1988 in the District of Maryland, alleges subject matter jurisdiction based upon diverse citizenship.

On November 7, 1988 Robinson Export filed a motion to dismiss the complaint or, in the alternative, to transfer the case to the Eastern District of Virginia. In its motion Robinson Export conceded that it registered to do business in Maryland on September 15, 1986 and that it opened a shipping branch in Savage, Maryland on November 1, 1986. Robinson Export also emphasized, however, that both of those events occurred more than a year after the accident in question and contended that it had no connection with Maryland at the time of the accident. Finally, Robinson Export asserted that, under the general federal venue statute, 28 U.S.C. § 1391(c); a corporation must have been "doing business" in the district at the time the cause of action arose, and that venue in the District of Maryland was therefore improper.

The Maryland district court, agreeing with Robinson Export's interpretation of § 1391(c), found that venue was improper and transferred the case to the Eastern District of Virginia. The Virginia district court denied Tenefrancia's motion to retransfer the case back to Maryland and subsequently granted summary judgment for Robinson Export and dismissed Tenefrancia's action on statute of limitations grounds. Tenefrancia now appeals, arguing, among other things, that venue under § 1391(c) properly lies if a corporation is doing business in the district at the time an

action is filed.[1]

We start with the text of the general federal venue statute, which provided at the time this action was filed that:

> (c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes.

28 U.S.C. § 1391(c).[2] Framed in present tense, as it is, the plain language of the statute authorizes venue as to a corporation that *"is* incorporated or licensed to do business" or *"is* doing business" in the district at the time it is sued (emphasis added). Simply stated, Robinson Export's contention, which the district court accepted, is that the word "is" has added as an implicit condition the added language "at the time the cause of action arose" or something similar. Given the statute's unambiguous language, that argument would be without merit but for a line of cases, including one decided by this court, that indeed holds that "[t]he focal time in determining ... whether venue is proper is *when the cause of action arose." Snyder v. Eastern Auto Distribs., Inc.,* 357 F.2d 552, 556 (4th Cir.) (emphasis in original), *cert. denied,* 384 U.S. 987, 86 S.Ct. 1889, 16 L.Ed.2d 1004 (1966); see also *Electrical Equip. Co. v. Daniel Hamm Drayage Co.,* 217 F.2d 656, 663 (8th Cir.1954); *Board of County Commissioners v. Wilshire Oil Co.,* 523 F.2d 125, 131–32 (10th Cir.1975); *L'Heureux v. Central Am. Airways Flying Serv., Inc.,* 209 F.Supp. 713, 715 (D.Md. 1962). What Robinson Export fails to recognize, however, is the significance of the underlying rationale in *Snyder* and similar cases, a rationale that is not present here.

In *Snyder* and in virtually every other case adopting Robinson Export's sought for construction of § 1391(c), the question presented was whether venue was proper as to a corporation that admittedly was doing business in the district at the time plaintiff's cause of action arose, but that had withdrawn from the district before plaintiff instituted suit. As *Snyder* made plain, the crux of the case was "whether [defendant's] withdrawal from South Carolina bars the suit...." *Snyder,* 357 F.2d at 556. The rationale for our determination that venue was proper because the defendant was doing business at the time the cause of action arose, therefore, was that "[h]aving conducted its affairs in South Carolina for a period of seven years," the defendant "could not thwart subsequent suit by immediate withdrawal from the State." *Snyder,* 357 F.2d at 556.

Similarly, in *L'Heureux,* which the court below relied upon as "[t]he seminal case in Maryland" on the issue, the corporate defendant did business in Maryland in 1959 and 1960, out of which plaintiff's claim allegedly arose, but was not doing business in Maryland in 1962 when plaintiff filed suit. The *L'Heureux* court determined that venue was satisfied "by showing that the defendant was doing business in the district at the time the cause of action arose, and that the cause of action arose out of that business." *L'Heureux,* 209 F.Supp. at 715.

Thus, cases such as *Snyder* and *L'Heureux* held that if the corporate defendant

---

**1.** Because we agree with Tenefrancia's construction of § 1391(c) and conclude that venue was proper in Maryland, we do not address Tenefrancia's other assignments of error.

**2.** In 1988 Congress amended § 1391(c), effective February 17, 1989, and that section now provides in pertinent part:

> (c) For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction *at the time the action is commenced.*

(Emphasis added.) Thus, venue as to Robinson Export explicitly is proper in Maryland under the current version of the statute. Statutes "are applied prospectively unless the legislature indicates a contrary intent or the statute relates to remedies or procedural matters." *Farish v. Courion Indus., Inc.,* 754 F.2d 1111, 1114–15 (4th Cir.1985). Venue "is a procedural rule of convenience...." *Cochrane v. Iowa Beef Processors, Inc.,* 596 F.2d 254, 261 (8th Cir.1979) (quoting *Gardner Eng'g Corp. v. Page Eng'g Co.,* 484 F.2d 27, 33 (8th Cir.1973)). Although the amended version of § 1391(c) arguably applies retroactively to pending cases, we do not decide this case on that basis because we conclude that venue also was proper under the earlier version of the statute.

was doing business at the time the cause of action arose, the statute (§ 1391(c)) was satisfied in order "to prevent corporations from committing illegal acts within a district and then avoiding suit therein by fleeing that district." *King v. Johnson Wax Assocs., Inc.*, 565 F.Supp. 711, 717 (D.Md. 1983). In 1966, however, Congress amended §§ 1391(a) and (b) and authorized venue in both diversity and federal question cases in the district "in which the claim arose." As one commentator aptly observed in analyzing the effect of the 1966 amendments on *L'Heureux* and similar cases:

> It is now possible to achieve the result Judge Thomsen [in *L'Heureux*] quite rightly desired without distorting § 1391(c). Thus, "is doing business" in that statute now should be read as referring to the time of commencement of the action, since suit can now be brought under the 1966 legislation in a district in which the corporation formerly was doing business on a claim that arose in that district.

15 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 3811, at 116 (2d ed. 1986).

We conclude that the cases relied upon by Robinson Export and the district court understandably adopted an interpretation of § 1391(c) which would avoid a manifest injustice, although they might not conform to a literal construction of the statute. Those cases construed § 1391(c) in a manner designed to uphold venue, however, and we know of no court which has determined, as Robinson Export urges, that venue is improper as to a corporation that currently is doing business in the district in which suit is brought because the corporation was not doing business in that district at the time the cause of action arose. Thus, we do not read *Snyder* as establishing that "is" in § 1391(c) always has as an added implicit condition the requirement "at the time the cause of action arose" or some such language. Moreover, in view of the 1966 amendments to § 1391, such inter-

pretation of § 1391(c) is no longer necessary.[3]

Accordingly, we vacate the Virginia district court's order dismissing Tenefrancia's action and remand the case to that court with instructions to transfer the case back to the district court in Maryland for further proceedings not inconsistent with this opinion.

VACATED AND REMANDED WITH INSTRUCTIONS.

---

**3.** Again, we note that the 1988 amendment to § 1391(c) explicitly resolves any question as to when a corporation must have contacts with a district for venue purposes, at least for cases filed after February 17, 1989. See *supra* note 2.