## CIRCUIT COURT OF THE CITY OF RICHMOND

Amy Tiffany Godsey

v.

Cathy Maitland et al.

August 3, 1994

Case No. (Law) ML-3007

By Judge James B. Wilkinson

Plaintiff alleges to have been bitten by defendants' dog on December 13, 1993, while performing housekeeping duties in the defendants' home. The home is located in Chesterfield County. Defendants object to venue in Richmond since they do not live, have employment, or regularly conduct affairs or business activity in the city. Plaintiff alleges that at the time of the incident, defendants did have employment in the City of Richmond.

Virginia Code § 8.01-262 states, "In any actions to which this chapter applies . . . one or more of the following . . . shall be permissible forums" and (1) lists permissible forums as "Wherein the defendant resides or has his principal place of employment" for individuals other than corporations. The statute does not specify whether the residence or work location in its relation to venue is at the time of the commencement of the action or at the time of the incident.

The courts have discussed this point of law without directly stating an answer to the specific question. The purpose of the venue statute is given in *Dowdy v. Franklin*, where the court said, "Though Code 1950, § 8-83, subsections (1) and (5) seem conflicting, it was the obvious purpose of the legislature to insure to a litigant his right to trial in a convenient and familiar jurisdiction." 203 Va. 7 (1961). Va. Code § 8-38 is incorporated into Va. Code § 8.01-262(1).

Two cases discuss venue directly. *Booth v. Broudy*, 235 Va. 457 (1988), states, "[T]he county or city where the defendant *resides* is a permissible forum, Code § 8.01-262(1), as is the county or city where the cause of action, or any part thereof, *arose*, Code § 8.01-262(4)." (Emphasis added.)

In *Texaco, Inc. v. Runyon*, the Court discusses courts not of record, however, the discussion of venue seems applicable in its definition. "[A]ny civil action within the jurisdiction of a court not of record may be brought in any county or city where a defendant *is regularly employed* or *has his regular place of business* or in which the cause of action or any part thereof *arose*." 207 Va. 367 (1966). (Emphasis added.) In both of these cases, the Court refers to bringing an action where the defendant resides or works, speaking in the present tense. This has also been followed in *Cousins v. Smith*, 17 Va. Cir. 360 (1989), where Judge Hughes sitting in Richmond, in stating the plaintiff's argument, said, "[H]e can bring the action where the defendant resides or has his principle place of business," which links the bringing of suit to the venue of Va. Code § 8.01-262.

Federal cases discuss their particular venue provisions based upon federal statutes. In *Tenefrancia v. Robinson*, 921 F.2d 556 (4th Cir. 1990), the Court discussed a situation similar to the instant case, in which the court was asked to interpret the venue provisions of 28 U.S.C. § 1391(c). "Framed in the present tense, as it is, the plain language of the statute authorizes venue as to a corporation that 'is incorporated or licensed to do business' or 'is doing business' in the district at the time it is sued." The Court went on to discuss seemingly contradictory holdings which held that "the focal time in determining . . . whether venue is proper is when the cause of action arose." *Snyder v. Eastern Auto Distribs., Inc.*, 357 F.2d 552 (4th Cir. 1966). The purpose of these rulings was to prevent manifest injustice. "The rationale for our determination that venue was proper because the defendant was doing business at the time the cause of action arose, therefore, was that 'having conducted its affairs in South Carolina for a period of seven years,' the defendant 'could not thwart subsequent suit by immediate withdrawal from the State'." *Tenefrancia, supra.*

A modification of the statute to include as authorized venue the district in which the claim arose was passed in 1966 which precipitated the following comment: "Thus, 'is doing business' in that statute now should be read as referring to the time of commencement of the action, since suit can now be brought under the 1966 legislation in a district in which the corporation formerly was doing business on a claim that arose in that district." 15 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* 3811, at 116 (2d ed. 1986).

Since the language in Va. Code § 8.01-262 is in the present tense and reference is made to bringing a cause of action, it follows that the intention of the statute is to refer to the residence or work place of the defendant at

the time of commencement of the action. This is also logical in view of statutes of limitation which can give a plaintiff years to bring an action. The statute intends to allow a defendant to be sued in a familiar location, which should be where the defendant currently resides or works at the time the suit is brought.

### Order

On August 2, 1994, came the parties by counsel, and this case came on to be heard upon the defendant's Objection to Venue and Motion to Transfer to Chesterfield County and was argued by counsel, and the Court's ruling was held under advisement.

Whereupon, the Court having now fully considered the evidence and argument of counsel and for the reasons stated in its letter opinion and memorandum to counsel dated August 3, 1994, it is ordered that this case be, and the same is hereby, transferred to the Circuit Court of the County of Chesterfield.