**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 93-6781

ERNEST EDWARD SIMPSON,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CR-81-397-S, CR-81-508-S, CA-93-1959)

Submitted: April 9, 1996

Decided: June 7, 1996

Before WIDENER and WILKINS, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gail Starling Marshall, Rapidan, Virginia, for Appellant. Lynne A.
Battaglia, United States Attorney, Kathleen O. Gavin, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Ernest Edward Simpson pled guilty to (i) conspiring to transport in interstate commerce falsely made, forged, altered, or counterfeited securities in violation of 18 U.S.C. § 371 (1988); (ii) transporting such securities in violation of 18 U.S.C.A. § 2314 (West Supp. 1996); and (iii) aiding and abetting in violation of 18 U.S.C. § 2 (1988). He did not appeal. Twelve years later, Simpson filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (1988), claiming that his conviction for transporting securities was invalid because he merely forged payees' endorsements on checks--which did not constitute a "falsely made, forged, altered, counterfeited or spurious security" within the meaning of § 2314--and because his counsel was ineffective for failing to recognize that he was improperly convicted. The district court summarily denied relief on Simpson's § 2255 motion, relying on United States v. Fontana, 948 F.2d 796 (1st Cir. 1991). Although the district court's reliance on Fontana is misplaced, we affirm the summary dismissal on other grounds.

Simpson's primary contention on appeal is that the district court's summary dismissal was improper because it did not plainly appear from the record that he was not entitled to relief. The record before the district court suggests that Simpson may only have forged payees' endorsements. But the Government has filed on appeal the transcript of Simpson's plea hearing conducted pursuant to Fed. R. Crim. P. 11. Although the transcript was prepared two years after the district court entered its judgment, we may take judicial notice of it. See Rothenberg v. Security Management Co., 667 F.2d 958, 961 n.8 (11th Cir. 1982); Pratt v. Kelly, 585 F.2d 692 (4th Cir. 1978). Our review of the Rule 11 colloquy discloses that Simpson admitted that the checks were forged in their entirety. We therefore find that Simpson's conviction was proper. See United States v. Tyson, 690 F.2d 9, 14 (1st Cir. 1982); United States v. Sciortino, 601 F.2d 680, 682-83 (2d Cir. 1979). Based on this finding, we also find no merit in Simpson's ineffective assistance of counsel claim. See Strickland v. Washington, 466 U.S. 668 (1984).

Accordingly, we affirm the district court's order summarily denying and dismissing Simpson's § 2255 motion. We dispense with oral

argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3