NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# Arizona Court of Appeals
### Division One

---

KING ZAVIER JAMES, *Plaintiff/Appellant*,

*v.*

WILD WEST PAWN LLC, *Defendant/Appellee*.

No. 1 CA-CV 16-0278
FILED 5-9-2017

---

Appeal from the Superior Court in Maricopa County
No. CV2012-017669
The Honorable J. Richard Gama, Judge, *Retired*

**VACATED AND REMANDED**

---

COUNSEL

Begam, Marks & Traulsen, P.A., Phoenix
By Richard P. Traulsen
*Counsel for Plaintiff/Appellant*

Sanders & Parks, P.C., Phoenix
By J. Steven Sparks
*Counsel for Defendant/Appellee*

Knapp & Roberts, P.C., Scottsdale
By David L. Abney
*Co-Counsel for Amici Curiae Arizona Association for Justice/Arizona Trial Lawyers Association*

Miller, Pitt, Feldman & McAnally, P.C., Tucson
By Stanley G. Feldman
*Co-Counsel for Amici Curiae Arizona Association for Justice/Arizona Trial Lawyers Association*

---

## MEMORANDUM DECISION

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Diane M. Johnsen joined.

---

**N O R R I S**, Judge:

**¶1**       Plaintiff/Appellant King Zavier James appeals from a judgment in favor of Defendant/Appellee Wild West Pawn LLC ("Wild West") based on the superior court's ruling that under Arizona choice-of-law principles, Virginia law, and not Arizona law, applied to James's negligence claim against Wild West. In granting summary judgment in favor of Wild West, the superior court did not address, however, whether federal law preempted Arizona choice-of-law principles and required the court to apply Virginia law. Because the superior court should have first determined the applicability of federal law, and we cannot determine this issue as a matter of law on the record before us, we vacate the superior court's judgment and remand for further proceedings consistent with this decision. *See infra* ¶ 12.

### BACKGROUND AND PROCEDURAL HISTORY

**¶2**       Dana Gonder operated Wild West, a pawn shop located in Arizona. In January 2011, Gonder used the website GunBroker.com to list a Heckler & Koch .40 caliber semi-automatic pistol for sale. A Virginia resident purchased the pistol from Wild West through the website.

¶3 Under federal law, firearms dealers are required to obtain a license from the United States Attorney General. 18 U.S.C.A. § 923(a) (West 2004). In addition to licensing requirements, under federal law only federally licensed firearms dealers are permitted to ship and receive firearms. 18 U.S.C.A. § 922(a) (West 2015). Consistent with these requirements, Gonder, through Wild West, a federally licensed firearms dealer, packaged and shipped the pistol through the United States Postal Service to the Camp Allen Marine Corps Exchange (the "Marine Corps Exchange") in Virginia, also a federally licensed firearms dealer, on behalf of the Virginia buyer.

¶4 James, an employee at the Marine Corps Exchange, took the pistol out of the package shipped by Wild West and examined it but did not "clear" the pistol, "rack" the pistol, or "drop" the magazine. According to James, he injured his hand when his index finger slipped into the trigger guard area, landed on the trigger, and caused the pistol to discharge (the "accident"). James sued Wild West for negligence in Arizona, alleging Wild West "negligently, recklessly, and with a conscious indifference to a substantial risk of serious harm to others, shipped [a] semi-automatic pistol with a live round in the chamber."

¶5 Wild West moved for partial summary judgment, arguing that under Arizona choice-of-law principles, Virginia's contributory negligence law should govern James's negligence claim. James cross-moved for partial summary judgment, arguing that under Arizona choice-of-law principles, Arizona's contributory negligence and comparative fault law (collectively "contributory negligence") should apply. In making this argument, James asserted Virginia had little interest in the matter because "the injury occurred within a military exchange on a military base, territory under the Federal Government's jurisdiction and not under the jurisdiction of the State of Virginia." James did not, however, provide any supporting evidence for that statement.[1]

¶6 Wild West responded to James's argument regarding the place of his injury by arguing 28 U.S.C.A. § 5001 (West 2014)[2] preempted

---

[1]In his summary judgment briefing, James alleged Wild West shipped the pistol to a military exchange on the base "at which the purchaser was stationed at that time."

[2]Wild West cited 16 U.S.C.A. § 457 in its motion papers. That law is now codified, without substantial change, at 28 U.S.C.A. § 5001. Thus, we cite the current version of the statute.

Arizona choice-of-law principles and required the superior court to apply Virginia law to James's negligence claim. Section 5001 provides as follows:

> In a civil action brought to recover on account of an injury sustained in a place . . . [subject to the exclusive jurisdiction of the United States within a State], the rights of the parties shall be governed by the law of the State in which the place is located.

James did not respond to Wild West's argument that 28 U.S.C.A. § 5001 required the superior court to apply Virginia law in his reply in support of his cross-motion for partial summary judgment.

¶7 Applying Arizona choice-of-law principles, the superior court agreed with Wild West that Virginia's contributory negligence law applied to James's negligence claim and granted its motion for partial summary judgment. The superior court did not address Wild West's argument that 28 U.S.C.A. § 5001 required it to apply Virginia law.

¶8 After the superior court ruled Virginia law applied, Wild West moved for summary judgment, arguing James would not be entitled to a recovery under Virginia law. Given the superior court's ruling on the choice-of-law issue, James agreed he would not be entitled to a recovery under Virginia law. Accordingly, the superior court granted Wild West's motion and entered judgment in its favor.

## DISCUSSION

¶9 On appeal, James and Wild West dispute whether, under Arizona choice-of-law principles, the superior court correctly ruled that Virginia law, rather than Arizona law, governed James's negligence claim. Before addressing Arizona choice-of-law principles, however, the superior court should have first determined whether, as Wild West argued, 28 U.S.C.A. § 5001 required the court to apply Virginia law to James's negligence claim.

¶10 Under 28 U.S.C.A. § 5001, if an injury occurs on land "subject to the exclusive jurisdiction of the United States," (a "federal enclave") a trial court is required to apply the law of the state where the federal enclave is located. *See Vasina v. Grumman Corp.*, 644 F.2d 112 (2d Cir. 1981) (applying Oregon law to a negligence claim that arose from a plane crash that occurred on a federal enclave in Oregon). Under 28 U.S.C.A. § 5001, federal jurisdiction over the site of the injury must be exclusive; concurrent

jurisdiction is insufficient. *See Pratt v. Kelly*, 585 F.2d 692 (4th Cir. 1978) (deed conveying site of injury to the United States that reserved "jurisdiction in all civil cases" to Virginia did not create federal enclave under 28 U.S.C.A. § 5001).

¶11     Although, as discussed, *see supra* ¶ 5, James argued in his moving papers his injury occurred in a military exchange on a military base which was territory under the jurisdiction of the federal government, and not Virginia, the record contains no evidence addressing whether the federal government's jurisdiction was exclusive. And, indeed, the record contains some evidence the federal government and Virginia may have shared jurisdiction, as both Norfolk Police and Naval Base Police responded to the accident. Further, Wild West shipped the pistol to a street address in Norfolk, Virginia.

¶12     On this record, we cannot determine whether James sustained an injury on a federal enclave for purposes of 28 U.S.C.A § 5001, or even whether a genuine dispute exists regarding this issue. We thus vacate the judgment entered by the superior court in favor of Wild West and remand to the superior court to determine, based on an adequately developed record, whether James sustained an injury in a place "subject to the exclusive jurisdiction of the United States" for purposes of 28 U.S.C.A. § 5001.

## CONCLUSION

¶13     For the foregoing reasons, we vacate the judgment of the superior court and remand for further proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED:  AA

5